UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                                    Plaintiff,<br><br>                    v.<br><br>HEALTH CARE ONE LLC, an Arizona limited liability company, also d/b/a "HealthcareOne," "Americans4 Healthcare," "Citizens4Healthcare," "American Eagle Healthcare," "EasyLife Healthcare," "Elite Healthcare," "Global Healthcare," and "Republic Healthcare";<br><br>AMERICANS4HEALTHCARE INC., a Delaware corporation;<br><br>MICHAEL JAY ELLMAN, an individual;<br><br>ELITE BUSINESS SOLUTIONS, INC., a Nevada corporation, also d/b/a "EasyLife Healthcare," "Elite Healthcare" and "Republic Healthcare";<br><br>ROBERT DANIEL FREEMAN, an individual;<br><br>                                    Defendants. | Case no. SACV10-1161-JVS-RNBx<br><br>PRELIMINARY INJUNCTION WITH ASSET FREEZE, APPOINTMENT OF PERMANENT RECEIVER, AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS ELITE BUSINESS SOLUTIONS, INC., ALSO D/B/A "EASYLIFE HEALTHCARE," "ELITE HEALTHCARE" AND "REPUBLIC HEALTHCARE"; AND ROBERT DANIEL FREEMAN |

On August 3, 2010, Plaintiff Federal Trade Commission ("Commission" or "FTC"), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, filed a Complaint for a permanent injunction and other equitable relief against Health Care One LLC ("Health Care One"), Americans4Healthcare Inc. ("Americans4Healthcare"), Elite Business Solutions, Inc. ("Elite Business Solutions"), Michael Jay Ellman, and Robert Daniel Freeman (also known as Dan Freeman).  Plaintiff concurrently applied *ex parte* for a Temporary Restraining Order ("TRO"), and for an Order to Show Cause ("OSC") why a preliminary injunction should not be granted and why a permanent receiver should not be appointed over the corporate Defendants.  On August 3, 2010, the Court entered a TRO, which would expire on, and scheduled a hearing on the OSC for, August 13, 2010.  On August 11, 2010, the Court extended the TRO for good cause shown through, and rescheduled the OSC hearing for, August 27, 2010.

The parties having stipulated to entry of a preliminary injunction, and for good cause shown, the Court hereby enters this Preliminary Injunction With Asset Freeze, Appointment of Permanent Receiver and Other Equitable Relief:

## FINDINGS OF FACT

1.     This Court has jurisdiction over the subject matter of this case and personal jurisdiction over Defendants Elite Business Solutions, Inc., also doing business as Elite Healthcare, Republic Healthcare, and EasyLife Healthcare, and Robert Daniel Freeman.

2.     Venue lies properly with this Court.

3.     For purposes of this Order, the Complaint states a claim upon which relief may be granted.

4.     There is good cause to believe that Defendants have engaged in and are likely to engage in acts that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the FTC's Telemarketing Sales Rule, 16 C.F.R. Part 310, and that the Commission is likely to prevail on the merits of this action.

5.     There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act unless Defendants are restrained and enjoined by Order of this Court.

6.     Good cause exists for the appointment of a Permanent Receiver over the Corporate Defendant, as well as any successors, assigns, affiliates, and subsidiaries that conduct any business related to the Defendants' "national healthcare discount program" and which the Permanent Receiver has reason to believe are owned or controlled in whole or in part by any of the Defendants.

7.     There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers – including refunds, rescission and restitution, disgorgement or other equitable monetary relief – will occur from the sale, transfer, or other disposition or concealment by Defendants of assets or records unless Defendants are immediately restrained and enjoined by Order of this Court.

8.     Considering Plaintiff's likelihood of ultimate success and weighing the equities, a Preliminary Injunction ("Order") with an asset freeze, the appointment of a Permanent Receiver, and other equitable relief is in the public interest.

9.     No security is required of any agency of the United States for issuance of a restraining order.  Fed. R. Civ. P. 65(c).

10.    Nothing herein shall be deemed an admission of wrongdoing, an admission of any allegation in the complaint in this action, or a waiver of any defense or privilege, by Defendants.

11.    Defendant Freeman expressly reserves the right to apply to the Court for an order modify this preliminary injunction to permit him to pay reasonable and necessary and ordinary living expenses and/or attorneys' fees and costs from frozen funds, in addition to any monetary releases agreed to by the FTC pursuant to Section III.A. of this Order.

**ORDER**

DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.  **"Plaintiff"** means the Federal Trade Commission.

2.  **"Defendants"** refers to Defendants Elite Business Solutions, Inc., also d/b/a "EasyLife Healthcare," "Elite Healthcare" and "Republic Healthcare," and Robert Daniel Freeman, and each of them, by whatever names each might be known by, as well as their successors and assigns, whether acting directly or through any corporation, subsidiary, division, or other device, including, but not limited to, fictitious business names.

3.  **"Corporate Defendant"** refers to Defendant Elite Business Solutions, Inc., also d/b/a "EasyLife Healthcare," "Elite Healthcare" and "Republic Healthcare."

4.  **"Individual Defendant"** refers to Defendant Robert Daniel Freeman.

5.  **"Receivership Defendants"** refers to Elite Business Solutions, Inc., also d/b/a "EasyLife Healthcare," "Elite Healthcare" and "Republic Healthcare," Mile High Enterprise, Inc., Freeman Consulting, and Lighthouse Business Solutions LLC, as well as any successors, assigns, affiliates, and subsidiaries that conduct any business related to the Defendants' "national healthcare discount program" and which the Permanent Receiver has reason to believe are owned or controlled in whole or in part by any of the Defendants.

6.  **"Assisting others"** means knowingly providing any of the following goods or services to another person or entity:

    a.  performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; or

    b.  formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material; or

c.    providing names of, or assisting in the generation of, potential customers; or

d.    performing marketing services of any kind.

7.    **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

8.    The term **"document"** is equal in scope and synonymous in meaning to the terms "document" and "electronically stored information," as described and used in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and any other data compilations from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of the term.

9.    **"Material fact"** means any fact that is likely to affect a person's choice of, or conduct regarding, goods or services.

10.    **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

# I.

## PROHIBITED REPRESENTATIONS

**IT IS THEREFORE ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any good or service, **are hereby restrained and enjoined** from falsely representing, or from assisting others who are

falsely representing, any of the following:

A.    The program that Defendants are selling or marketing is health insurance;

B.    The program that Defendants are selling or marketing is affiliated with or endorsed or sponsored by the federal government;

C.    Enrollment in the program that Defendants are selling or marketing will result in substantial healthcare savings to the consumers;

D.    Consumers who enroll in the program that Defendants are selling or marketing will be able to obtain program benefits from the consumers' current healthcare providers and from other healthcare providers in the consumers' local communities;

E.    Defendants will provide a full refund, subject to no or only a nominal processing fee to consumers who enroll in the program that Defendants are selling or marketing, if the consumer submits a cancellation request before the thirty-day trial period expires; and

F.    Any other fact material to a consumer's decision to purchase any good or service from Defendants.

## II.

## PROHIBITION AGAINST VIOLATING
## THE TELEMARKETING SALES RULE

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the telemarketing of any good or service, are hereby restrained and enjoined from violating any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310, including, but not limited to:

6

A.      Violating Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R.
§ 310.3(a)(2)(iii), by misrepresenting, directly or by implication, material aspects of
the performance, efficacy, nature, or central characteristics of the program, including
that:

        1.      The program that Defendants are selling or marketing is health
insurance;

        2.      Enrollment in the program that Defendants are selling or
marketing will result in substantial healthcare savings to the
consumer;

        3.      Consumers who enroll in the program that Defendants are selling
or marketing will be able to obtain program benefits from the
consumers' current healthcare providers and from other
healthcare providers in the consumers' local communities; or

        4.      Any other fact material to a consumer's decision to purchase any
good or service from Defendants; and

B.      Violating Section 310.3(a)(2)(iv) of the TSR, 16 C.F.R.
§ 310.3(a)(2)(iv), by misrepresenting, directly or by implication, material aspects of
the nature or terms of the seller's refund or cancellation policies, including that
Defendants will provide a full refund, subject to no or only a nominal processing fee,
if the consumer submits a cancellation request before the thirty-day trial period
expires.

## III.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that each of the Defendants is hereby
restrained and enjoined, until further order of this Court, from:

A.      Transferring, encumbering, selling, concealing, pledging,
hypothecating, assigning, spending, withdrawing, disbursing, conveying, gifting,
dissipating, or otherwise disposing of any funds, property, coins, lists of consumer

names, shares of stock, or other assets, wherever located, that are (1) owned or controlled by any of the Defendants, in whole or in part; (2) in the actual or constructive possession of any of the Defendants; (3) held by an agent of any of the Defendants, as a retainer for the agent's provision of services to a Defendant; or (4) owned, controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, or other entity directly or indirectly owned or controlled by any of the Defendants; *provided,* however, Defendants may make such transfers or withdrawals authorized in writing by counsel for Plaintiff, or by the Permanent Receiver (with respect to assets of any of the Receivership Defendants), or by further order of this Court;

B.     Opening or causing to be opened any safe deposit boxes titled in the name of any of the Defendants, or subject to access by any of the Defendants;

C.     Incurring charges or cash advances on any credit or debit card issued in the name, singly or jointly, of any of the Defendants, or any corporation, partnership, or other entity directly or indirectly owned or controlled by any of the Defendants; *provided,* however, that Defendant Freeman may incur charges or take cash advances on any credit card issued in his name, as long as the combined balance of all such charges or cash advances does not exceed $5,000 at any one time.  Defendant Freeman shall be responsible for repayment of such charges and cash advances out of his non-frozen assets; and

D.     Failing to disclose to Plaintiff, immediately upon service of this Order, information that fully identifies each asset of the Defendants, and each entity holding such asset, including, without limitation, the entity's name, address, and telephone number, the number of the account, and the name under which the account is held.

*Provided,* that the freeze imposed in this Section shall be construed to not apply to assets that the Individual Defendant acquires following service of this Order if the Individual Defendant can prove that such assets are not derived from activity prohibited by this Order.

8

## IV.

## FINANCIAL REPORTS

**IT IS FURTHER ORDERED** that, if they have not already done so pursuant to the TRO, within seventy-two (72) hours after service of this Order:

A.    The Individual Defendant shall complete and deliver to Plaintiff the Financial Statement form captioned "Financial Statement of Individual Defendant," a copy of which is attached as Attachment 2 to the "Financial Statement Forms for Section IV (Financial Reports) of the Temporary Restraining Order with Asset Freeze, Appointment of Temporary Receiver, Immediate Access, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue and a Permanent Receiver Should Not Be Appointed" filed in this action;

B.    The Individual Defendant shall prepare and deliver to Plaintiff and the Permanent Receiver, for the Corporate Defendant, the Financial Statement captioned "Financial Statement of Business Entity Defendant," a copy of which is attached as Attachment 1 to the "Financial Statement Forms for Section IV (Financial Reports) of the Temporary Restraining Order with Asset Freeze, Appointment of Temporary Receiver, Immediate Access, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue and a Permanent Receiver Should Not Be Appointed" filed in this action;

C.    The Individual Defendant shall, on behalf of each business entity (whether a partnership, limited partnership, joint venture, sole proprietorship, limited liability company, corporation, or otherwise) of which he is the majority owner or otherwise controls, other than the Corporate Defendant, complete and deliver to Plaintiff a separate copy of the "Financial Statement of Business Entity Defendant"; and

D.    Defendants shall provide access to records and documents pertaining to assets of any of the Defendants that are held by financial institutions outside the territory of the United States by signing a Consent to Release of Financial Records if

1  requested by Plaintiff or the Temporary Receiver.

2  **V.**

3  **PRESERVATION OF RECORDS**

4  **IT IS FURTHER ORDERED** that Defendants, and their agents, servants,

5  employees, and attorneys, and all persons or entities directly or indirectly under the

6  control of any of them, and all other persons or entities in active concert or

7  participation with any of them who receive actual notice of this Order by personal

8  service or otherwise, and each such person, are hereby restrained and enjoined from

9  destroying, erasing, mutilating, concealing, altering, transferring or otherwise

10  disposing of, in any manner, directly or indirectly, any documents that relate to the

11  business practices or finances of any of the  Defendants, including, but not limited to,

12  such documents as any contracts, accounting data, correspondence, advertisements,

13  computer tapes, discs or other computerized records, books, written or printed

14  records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers,

15  personal and business canceled checks and check registers, bank statements,

16  appointment books, copies of federal, state, or local business or personal income or

17  property tax returns.

18  This Section specifically applies to all documents displayed on or accessible

19  from any and all Internet websites owned or controlled by any Defendant, including

20  but not limited to any of the websites with the following domain names:

21  www.healthcareone.com, www.americans4healthcare.com, www.a4hrx.com,

22  www.citizens4healthcare.com, www.elitehealthcareinc.com,

23  www.republichealthcare.com, www.easylifehealthcare.com,

24  www.americaneaglehealthcare.com, and www.myglobalhealthonline.com.

25  **VI.**

26  **RECORD KEEPING**

27  **IT IS FURTHER ORDERED** that the Individual Defendant is hereby

28  restrained and enjoined from failing to make and keep, and to provide to Plaintiff's

counsel promptly upon request, an accurate accounting that, in reasonable detail, accurately, fairly, and completely reflects his income (including all income resulting from any services, activity, or efforts rendered by the Individual Defendant), disbursements, transactions, and use of money, beginning immediately upon service or actual notice of this Order, and continuing daily until otherwise ordered by the Court.

## VII.

## NOTIFICATION OF BUSINESS ACTIVITIES

**IT IS FURTHER ORDERED** that:

A.     The Individual Defendant is hereby restrained and enjoined from directly or indirectly creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship, limited liability company, or corporation, without first serving on counsel for the Commission a written statement disclosing the following: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended activities.

B.     Individual Defendant shall notify the Commission at least seven (7) days prior to affiliating with, becoming employed by, or performing any work for any business that is not a named Defendant in this action.  Each notice shall include the Defendant's new business address and a statement of the nature of the business or employment and the nature of his duties and responsibilities in connection with that business or employment.

## VIII.

## FINANCIAL INSTITUTIONS

**IT IS FURTHER ORDERED** that any financial or brokerage institution, any business entity, or any other person having possession, custody, or control of any

records of any of the Defendants, or of any account, safe deposit box, or other asset titled in the name of any of the Defendants, either individually or jointly or held for the benefit of any of the Defendants, or which has maintained any such account, safe deposit box, or other asset at any time since March 1, 2006, who is served with a copy of this Order, or who otherwise has actual knowledge of this Order, shall:

A.     Hold and retain within its control and prohibit the transfer, encumbrance, pledge, assignment, removal, withdrawal, dissipation, sale, or other disposal of any such account or other asset, except for transfers or withdrawals authorized in writing by counsel for Plaintiff, or by the Permanent Receiver (with respect to assets of any of the Receivership Defendants), or by further order of this Court;

B.     Deny access to any safe deposit box titled individually or jointly in the name of, or otherwise subject to access by, any of the Defendants;

C.     Provide to Plaintiff and to the Permanent Receiver, within three (3) business days of notice of this Order, if not already provided pursuant to the TRO, a sworn statement setting forth:

1.     The identification of each account or asset;

2.     The balance of each account or a description of the nature and value of each asset as of the close of business on the day notification of this Order is received, and, if the account or asset has been closed or moved, the balance or value removed and the person or entity to whom it was transferred; and

3.     The identification of any safe deposit box titled in the name of or subject to access by any of the Defendants.

D.     Upon request by counsel for Plaintiff (or by the Permanent Receiver, with respect to assets held for any of the Receivership Defendants), promptly provide Plaintiff or the Permanent Receiver with copies of all records or other documentation pertaining to such account or asset, including but not limited to originals or copies of

account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

E.     At the direction of Plaintiff (or the Permanent Receiver, with respect to assets held for any of the Receivership Defendants), and without further order of this Court, convert any stocks, bonds, options, mutual funds, or other securities to their cash equivalents.

## IX.

## REPATRIATION OF ASSETS

**IT IS FURTHER ORDERED** that within five business days following service of this Order, if not already done pursuant to the TRO, each of the Defendants shall:

A.     Repatriate to the United States all funds, documents, or assets in foreign countries held either: (1) by them; (2) for their benefit; or (3) under their direct or indirect control, jointly or singly;

B.     The same business day as any repatriation under paragraph A above,

      1.     notify Plaintiff and the Permanent Receiver of the name and location of the financial institution or other entity that is the recipient of such funds, documents, or assets; and

      2.     serve this Order on any such financial institution or other entity;

C.     Provide Plaintiff and the Permanent Receiver with a full accounting of all funds, documents, and assets outside of the territory of the United States held either: (1) by them; (2) for their benefit; or (3) under their direct or indirect control, jointly or singly; and

D.     Hold and retain all repatriated funds, documents, and assets and prevent any transfer, disposition, or dissipation whatsoever of any such assets or funds.

13

# X.

## ACCESS TO DEFENDANTS' RECORDS

**IT IS FURTHER ORDERED** that:

A.     The Permanent Receiver shall allow the Commission's representatives, the representatives of the Defendants, and the Individual Defendant reasonable access to the business premises of the Receivership Defendants.  The purpose of this access shall be to inspect and copy any and all books, records, accounts, and other property owned by or in the possession of the Receivership Defendants.  The Permanent Receiver shall have the discretion to determine the time and manner of this access; and

B.     If, at the time of service of this Order, any records or property relating to Defendants' business or assets are located in the personal residence of the Individual Defendant or in any other non-business location in his personal control, then he shall, within seventy-two (72) hours of service of this Order, produce to Plaintiff, at a location designated by Plaintiff, the following:

1.     All contracts, accounting data, written or electronic correspondence, advertisements, computer tapes, discs, or other computerized or electronic records, books, written or printed records, handwritten notes, telephone logs, telephone scripts, telephone bills, receipt books, ledgers, membership records and lists, refund records, receipts, ledgers, bank records (including personal and business monthly statements, canceled checks, records of wire transfers, and check registers), appointment books, copies of federal, state, and local business or personal income or property tax returns, 1099 forms, title records, and other documents or records of any kind that relate to Defendants' business and assets; and

2.     All computers and data in whatever form, used by Defendants, in whole or in part, relating to Defendants' business and assets.

14

# XI.

## APPOINTMENT OF PERMANENT RECEIVER

**IT IS FURTHER ORDERED** that Thomas W. McNamara is appointed Permanent Receiver for Defendants Elite Business Solutions, Inc., also d/b/a "EasyLife Healthcare," "Elite Healthcare" and "Republic Healthcare"; *[list all additional related entities that Receiver has placed under receivership, if any],* with the full power of an equity receiver. The Permanent Receiver shall be the agent of this Court and solely the agent of this Court in acting as Receiver under this Order. The Permanent Receiver shall be accountable directly to this Court. The Permanent Receiver shall comply with all Local Rules of this Court governing receivers.

# XII.

## RECEIVERSHIP DUTIES

**IT IS FURTHER ORDERED** that the Permanent Receiver is directed and authorized to perform and accomplish the following:

A.     Assume full control of the Receivership Defendants by removing, as the Permanent Receiver deems necessary or advisable, any manager, independent contractor, employee, or agent of the Receivership Defendants, including the Individual Defendant, from control of, management of, or participation in, the affairs of the Receivership Defendants;

B.     Take exclusive custody, control and possession of all assets and documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated. The Permanent Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendants;

C.     Take all steps necessary to secure all premises owned, rented, leased, or otherwise controlled by the Receivership Defendants, including but not limited to all

1   such premises located at:

2            3220 S. Fair Lane, Suite 12, Tempe, AZ 85282

3            17595 Harvard Ave., Suite C2450, Irvine, CA 92614

4            23287 S. Pointe Drive #100 and 130, Laguna Hills, CA

5   Such steps may include, but are not limited to, the following, as the Permanent

6   Receiver deems necessary or advisable: (1) serving this Order; (2) completing a

7   written inventory of all receivership assets; (3) obtaining pertinent information from

8   all employees and other agents of the Receivership Defendants, including, but not

9   limited to, the name, home address, social security number, job description, method

10  of compensation, and all accrued and unpaid commissions and compensation of each

11  such employee or agent; (4) photographing and video taping all portions of the

12  location; (5) securing the location by changing the locks and disconnecting any

13  computer modems or other means of access to the computer or other records

14  maintained at that location; or (6) requiring any persons present on the premises at

15  the time this Order is served to leave the premises, to provide the Permanent

16  Receiver with proof of identification, or to demonstrate to the satisfaction of the

17  Permanent Receiver that such persons are not removing from the premises

18  documents or assets of the Receivership Defendants.  Law enforcement officers may

19  assist the Permanent Receiver in implementing these provisions to keep the peace

20  and maintain security;

21       D.    Continue to conduct the business, or cease operation of the business, of

22  the Receivership Defendants in such manner, to such extent, and for such duration as

23  the Permanent Receiver may in good faith deem to be necessary or appropriate to

24  operate the businesses profitably and lawfully.

25       E.    Conserve, hold, and manage all receivership assets, and perform all acts

26  necessary or advisable to preserve the value of those assets, in order to prevent any

27  irreparable loss, damage, or injury to consumers or to creditors of the Receivership

28  Defendants, including, but not limited to, obtaining an accounting of the assets and

1   preventing transfer, withdrawal, or misapplication of assets;

2         F.    Enter into contracts and purchase insurance as advisable or necessary;

3         G.    Prevent the inequitable distribution of assets and to determine, adjust,

4   and protect the interests of consumers and creditors who have transacted business

5   with the Receivership Defendants;

6         H.    Manage and administer the business of the Receivership Defendants

7   until further order of this Court by performing all incidental acts that the Permanent

8   Receiver deems to be advisable or necessary, which includes retaining, hiring, or

9   dismissing any employees, independent contractors, or agents;

10         I.    Choose, engage, and employ attorneys, accountants, appraisers, and

11   other independent contractors and technical specialists, as the Permanent Receiver

12   deems advisable or necessary in the performance of duties and responsibilities under

13   the authority granted by this Order;

14         J.    Make payments and disbursements from the receivership estate that are

15   necessary or advisable for carrying out the directions of, or exercising the authority

16   granted by, this Order.  The Permanent Receiver shall apply to the Court for prior

17   approval of any payment of any debt or obligation incurred by the Receivership

18   Defendants prior to the date of entry of this Order, except payments that the

19   Permanent Receiver deems necessary or advisable to secure assets of the

20   Receivership Defendants, such as rental payments;

21         K.    Determine and implement the manner in which the Receivership

22   Defendants will comply with, and prevent violations of, this Order and all other

23   applicable laws;

24         L.    Institute, compromise, adjust, appear in, intervene in, or become party to

25   such actions or proceedings in state, federal or foreign courts that the Permanent

26   Receiver deems necessary and advisable to preserve or recover the assets of the

27   Receivership Defendants or that the Permanent Receiver deems necessary and

28   advisable to carry out the Permanent Receiver's mandate under this Order;

M.    Defend, compromise, adjust, or otherwise dispose of any or all actions or proceedings instituted in the past or in the future against the Permanent Receiver in his role as Permanent Receiver, or against the Receivership Defendants that the Permanent Receiver deems necessary and advisable to preserve the assets of the Receivership Defendants or that the Permanent Receiver deems necessary and advisable to carry out the Permanent Receiver's mandate under this Order;

N.    Issue subpoenas to obtain documents and records pertaining to the receivership, and conduct discovery in this action on behalf of the receivership estate;

O.    Open one or more bank accounts as designated depositories for funds of the Receivership Defendants.  The Permanent Receiver shall deposit all funds of the Receivership Defendants in such a designated account and shall make all payments and disbursements from the receivership estate from such an account; and

P.    Maintain accurate records of all receipts and expenditures that he makes as Permanent Receiver.

Q.    Cooperate with reasonable requests for information or assistance from any state or federal law enforcement agency.

## XIII.

## COOPERATION WITH THE PERMANENT RECEIVER

**IT IS FURTHER ORDERED** that Defendants, and their agents, servants, employees, and attorneys, and all persons or entities directly or indirectly under the control of any of them, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, and each such person, shall fully cooperate with and assist the Permanent Receiver.  Such cooperation and assistance shall include, but not be limited to, providing any information to the Permanent Receiver that the Permanent Receiver deems necessary to exercising the authority and discharging the responsibilities of the Permanent Receiver under this Order; providing any password

18

1  required to access any computer or electronic files in any medium; or advising all

2  persons who owe money to the Receivership Defendants that all debts should be paid

3  directly to the Permanent Receiver.  Defendants are hereby restrained and enjoined

4  from directly or indirectly:

5      A.    Transacting any of the business of the Receivership Defendants, or

6  transacting business under the name Health Care One, Americans4 Healthcare,

7  Citizens4Healthcare, American Eagle Healthcare, EasyLife Healthcare, Elite

8  Healthcare, Global Healthcare, and Republic Healthcare, or any substantially similar

9  name;

10     B.    Destroying, secreting, defacing, transferring, or otherwise altering or

11 disposing of any documents of the Receivership Defendants, including, but not

12 limited to, books, records, accounts, or any other papers of any kind or nature;

13     C.    Transferring, receiving, altering, selling, encumbering, pledging,

14 assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in

15 the possession or custody of, or in which an interest is held or claimed by, the

16 Receivership Defendants, or the Permanent Receiver;

17     D.    Excusing debts owed to the Receivership Defendants;

18     E.    Failing to notify the Permanent Receiver of any asset, including

19 accounts, of any Receivership Defendant held in any name other than the name of

20 any Receivership Defendant, or by any person or entity other than the Receivership

21 Defendants, or failing to provide any assistance or information requested by the

22 Permanent Receiver in connection with obtaining possession, custody, or control of

23 such assets; or

24     F.    Doing any act or refraining from any act whatsoever to interfere with

25 the Permanent Receiver's taking custody, control, possession, or managing of the

26 assets or documents subject to this receivership; or to harass or interfere with the

27 Permanent Receiver in any way; or to interfere in any manner with the exclusive

28 jurisdiction of this Court over the assets or documents of the Receivership

Defendants; or to refuse to cooperate with the Permanent Receiver or the Permanent Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court.

## XIV.

## DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that:

A.    Immediately upon service of this Order upon them, or within a period permitted by the Permanent Receiver, Defendants and all other persons in possession, custody, and control of assets or documents of the Receivership Defendants shall transfer or deliver possession, custody, and control of the following to the Permanent Receiver:

1.    All assets of the Receivership Defendants;

2.    All documents of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), client lists, title documents and other papers;

3.    All assets belonging to members of the public now held by the Receivership Defendants; and

4.    All keys and codes necessary to gain or to secure access to any assets or documents of the Receivership Defendants, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property.

B.    In the event any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Section, the Permanent Receiver may file, on an *ex parte* basis, an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or

1  demand, Writs of Possession or Sequestration or other equitable writs requested by

2  the Permanent Receiver.  The writs shall authorize and direct the United States

3  Marshal or any sheriff or deputy sheriff of any county  to seize the asset, document,

4  or other thing and to deliver it to the Permanent Receiver.

5  <center>**XV.**</center>

6  <center>**BANKRUPTCY PETITIONS**</center>

7  **IT IS FURTHER ORDERED** that, in light of the asset freeze and

8  appointment of the Permanent Receiver, Defendants are hereby prohibited from

9  filing, or causing to be filed, on behalf of any of the Receivership Defendants, a

10  petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*,

11  without prior permission from this Court.

12  <center>**XVI.**</center>

13  <center>**TRANSFER OF FUNDS TO THE PERMANENT RECEIVER**</center>

14  **IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all

15  banks, broker-dealers, savings and loans, escrow agents, title companies, commodity

16  trading companies, or other financial institutions shall cooperate with all reasonable

17  requests of the Permanent Receiver relating to implementation of this Order,

18  including transferring funds at his direction and producing records related to the

19  assets of the Receivership Defendants.

20  <center>**XVII.**</center>

21  <center>**STAY OF ACTIONS**</center>

22  **IT IS FURTHER ORDERED** that:

23  A.     Except by leave of this Court, during pendency of the receivership

24  ordered herein, Defendants and all other persons and entities (except for Plaintiff) are

25  hereby stayed from taking any action to establish or enforce any claim, right, or

26  interest for, against, on behalf of, in, or in the name of:  a) the Corporate Defendant,

27  or b) any of their assets, or c) the Permanent Receiver or the Permanent Receiver's

28  duly authorized agents acting in their capacities as such, including, but not limited to,

<center>21</center>

the following actions:

1. Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

2. Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

3. Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

4. Doing any act or thing whatsoever to interfere with the Permanent Receiver taking custody, control, possession, or management of the assets or documents subject to this receivership, or to harass or interfere with the Permanent Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants.

B. This paragraph does not stay:

1. The commencement or continuation of a criminal action or proceeding;

2. The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

3. The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power; or

4. The issuance to a Receivership Defendants of a notice of tax deficiency.

C.     Except as otherwise provided in this Order, all persons and entities in need of documentation from the Permanent Receiver shall in all instances first attempt to secure such information by submitting a formal written request to the Permanent Receiver, and, if such request has not been responded to within seventy-two (72) hours of receipt by the Permanent Receiver, any such person or entity may thereafter seek an Order of this Court with regard to the relief requested.

## XVIII.

## COMPENSATION OF PERMANENT RECEIVER

**IT IS FURTHER ORDERED** that the Permanent Receiver and all personnel hired by the Permanent Receiver as herein authorized, including counsel to the Permanent Receiver and accountants, are entitled to reasonable compensation for the performance of duties pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by them, from the assets now held by or in the possession or control of or which may be received by the Receivership Defendants.  The Permanent Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty days after the date of this Order.  The Permanent Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XIX.

## RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Permanent Receiver shall have on file with the Clerk of this Court a bond in the sum of $50,000, with sureties to be approved by the Court, conditioned that the Permanent Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## XX.

## DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to the Corporate Defendant's affiliates, franchises, subsidiaries, divisions, successors, assigns, directors, officers, managing agents, employees, representatives, and independent contractors and shall, within three (3) business days from the date of service of this Order, serve on Plaintiff affidavits identifying the names, titles, addresses, and telephone numbers of the persons and entities whom they have served pursuant to this provision.  The Permanent Receiver has no obligation under this provision.

## XXI.

## CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any of the Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## XXII.

## LIMITED EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that the Commission is granted leave at any time after service of this Order to:

A.      Take the deposition of any person or entity, without limitation, for the purpose of:

1.      discovering the nature, location, status, and extent of assets of any of the Defendants, including Receivership Defendants, or of their affiliates or of their subsidiaries,

2.      discovering the nature, location, status and extent of documents reflecting the business transactions of any of the Defendants;

24

3.      discovering the nature and extent of Defendants' business activities, and

B.      Demand the production of documents from any person or entity relating to the nature, status, location and extent of any of the Defendants' assets, and the location of any documents reflecting the Defendants' business transactions or the nature and extent of Defendants' business operations.

Forty-eight (48) hours notice shall be deemed sufficient for any such deposition and seventy-two (72) hours notice shall be deemed sufficient for the production of any such documents.  The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2) and 31(a)(2) shall not apply to depositions taken pursuant to this Section.  Any such depositions taken pursuant to this Section shall not be counted toward the ten deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A).  Service of discovery taken pursuant to this Section shall be sufficient if made by facsimile or by overnight delivery.

## XXIII.

## CORRESPONDENCE

**IT IS FURTHER ORDERED** that, for the purposes of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

Faye Chen Barnouw, Barbara Y.K. Chun, and John D. Jacobs
Federal Trade Commission
10877 Wilshire Blvd., Suite 700
Los Angeles, CA  90024
Fax: (310) 824-4380
E-mail: fbarnouw@ftc.gov, bchun@ftc.gov, and jjacobs@ftc.gov

## XXIV.

## SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other

25

1  entity or person that may have possession, custody, or control of any documents or

2  assets of any Defendant, or that may be subject to any provision of this Order.

3

4  **SO ORDERED:**

5  Dated:  August 23, 2010    _____

6                              Hon. James V. Selna
                                United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28