FAYE CHEN BARNOUW, CA Bar No. 168631
BARBARA CHUN, CA Bar No. 186907
JOHN D. JACOBS, CA Bar No. 134154
e-mail: fbarnouw@ftc.gov; bchun@ftc.gov;
and jjacobs@ftc.gov
FEDERAL TRADE COMMISSION
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
Telephone: (310) 824-4343
Facsimile:  (310) 824-4380

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | Case no. SACV10-1161-JVS-RNBx |
| Plaintiff, | |
| v. | PRELIMINARY INJUNCTION WITH ASSET FREEZE, APPOINTMENT OF PERMANENT RECEIVER, AND OTHER EQUITABLE RELIEF AGAINST DEFENDANTS HEALTH CARE ONE LLC, AMERICANS4HEALTHCARE INC., AND MICHAEL ELLMAN |
| HEALTH CARE ONE LLC, an Arizona limited liability company, also d/b/a "HealthcareOne," "Americans4 Healthcare," "Citizens4Healthcare," "American Eagle Healthcare," "EasyLife Healthcare," "Elite Healthcare," "Global Healthcare," and "Republic Healthcare"; | |
| AMERICANS4HEALTHCARE INC., a Delaware corporation; | |
| MICHAEL JAY ELLMAN, an individual; | |
| ELITE BUSINESS SOLUTIONS, INC., a Nevada corporation, also d/b/a "EasyLife Healthcare," "Elite Healthcare" and "Republic Healthcare"; | |
| ROBERT DANIEL FREEMAN, an individual; | |
| Defendants. | |

On August 3, 2010, Plaintiff Federal Trade Commission ("Commission" or "FTC"), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and Consumer Fraud and Abuse Protection Act, 15 U.S.C. §§ 6101-6108, filed a Complaint for a permanent injunction and other equitable relief against Health Care One LLC ("Health Care One"), Americans4Healthcare Inc. ("Americans4Healthcare"), Elite Business Solutions, Inc. ("Elite Business Solutions"), Michael Jay Ellman, and Robert Daniel Freeman (also known as Dan Freeman).  Plaintiff concurrently applied *ex parte* for a Temporary Restraining Order ("TRO"), and for an Order to Show Cause ("OSC") why a preliminary injunction should not be granted and why a permanent receiver should not be appointed over the corporate Defendants.

On August 3, 2010, the Court entered a TRO, which would expire on, and scheduled a hearing on the OSC for, August 13, 2010.  On August 11, 2010, the Court extended the TRO for good cause shown through, and rescheduled the OSC hearing for, August 27, 2010.

On August 23, 2010, the Court entered a stipulated preliminary injunction against Defendants Elite Business Solutions, Inc., and Robert Daniel Freeman, and appointed Thomas W. McNamara as permanent receiver over Elite Business Solutions, Inc., and Freeman's affiliated entities, including Mile High Enterprise, Inc., Freeman Consulting, and Lighthouse Business Solutions LLC.

On August 27, 2010, after consideration of the briefs and evidence filed in support of and in opposition to the OSC, and upon good cause shown, the Court granted Plaintiff's application for a preliminary injunction against Defendants Health Care One, Americans4Healthcare, and Michael Ellman and appointment of a permanent receiver over Health Care One, Americans4Healthcare, and Ellman's affiliated entities, including Secure Healthplan Corporation, HCO Marketing Inc., The American Mint, Ltd., Red Carpet Skincare Inc., Quad Digital Corporation, AutoPlanOne Inc., and Magnum Financial Management, Inc.  The Court ordered that

1  the TRO entered on August 3, 2010 be extended to remain in full force and effect
2  until the entry of the preliminary injunction.

3      For good cause shown, the Court hereby enters this Preliminary Injunction
4  With Asset Freeze, Appointment of Permanent Receiver and Other Equitable Relief:

6                        **FINDINGS OF FACT**

7      The Court has considered the Complaint, Plaintiff's *Ex Parte* Application for
8  TRO, memorandum of points and authorities, supplemental brief, and evidence filed
9  in support thereof, Defendants' memorandum of points and authorities and evidence
10 filed in opposition thereto, and the Reports filed by the Temporary Receiver, and it
11 appears to the satisfaction of the Court that:

12      1.   This Court has jurisdiction of the subject matter of this case.  There is
13 also good cause to believe it will have jurisdiction over all parties hereto, and that
14 venue in this district is proper.

15      2.   There is good cause to believe that Defendants Health Care One LLC,
16 Americans4Healthcare Inc., and Michael Jay Ellman ("Defendants") have engaged in
17 and are likely to engage in acts that violate Section 5(a) of the FTC Act, 15 U.S.C.
18 § 45(a), and the FTC's Telemarketing Sales Rule, 16 C.F.R. Part 310, and that the
19 Commission is likely to prevail on the merits of this action.

20      3.   There is good cause to believe that immediate and irreparable harm will
21 result from Defendants' ongoing violations of the FTC Act unless Defendants are
22 restrained and enjoined by Order of this Court.

23      4.   Good cause exists for the appointment of a Permanent Receiver over
24 Corporate Defendants Health Care One LLC, Americans4Healthcare Inc., and
25 Defendant Ellman's affiliated entities, including Secure Healthplan Corporation,
26 HCO Marketing Inc., The American Mint, Ltd., Red Carpet Skincare Inc., Quad
27 Digital Corporation, AutoPlanOne Inc., and Magnum Financial Management, Inc.
28

3

5.      Considering Plaintiff's likelihood of ultimate success and weighing the equities, a Preliminary Injunction ("Order") with an asset freeze, the appointment of a Permanent Receiver, immediate access, and other equitable relief is in the public interest.

6.      No security is required of any agency of the United States for issuance of a restraining order. Fed. R. Civ. P. 65(c).

## ORDER

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.      **"Plaintiff"** means the Federal Trade Commission.

2.      **"Defendants"** means Defendants Health Care One LLC; Americans4Healthcare Inc.; and Michael Jay Ellman, and each of them, by whatever names each might be known by, as well as their successors and assigns, whether acting directly or through any corporation, subsidiary, division, or other device, including, but not limited to, fictitious business names.

3.      **"Corporate Defendants"** refers to Defendants Health Care One LLC and Americans4Healthcare Inc.

4.      **"Individual Defendant"** refers to Defendant Michael Jay Ellman.

5.      **"Receivership Defendants"** refers to Defendants Health Care One LLC, Americans4Healthcare Inc., and Defendant Ellman's affiliated entities, including Secure Healthplan Corporation, HCO Marketing Inc., The American Mint, Ltd., Red Carpet Skincare Inc., Quad Digital Corporation, AutoPlanOne Inc., and Magnum Financial Management, Inc., as well as any successors, assigns, affiliates, and subsidiaries that conduct any business related to the Defendants' "national healthcare discount program" and which the Permanent Receiver has reason to believe are owned or controlled in whole or in part by any of the Defendants.

4

6.      **"Assisting others"** means knowingly providing any of the following goods or services to another person or entity:

    a.      performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; or

    b.      formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material; or

    c.      providing names of, or assisting in the generation of, potential customers; or

    d.      performing marketing services of any kind.

7.      **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

8.      The term **"document"** is equal in scope and synonymous in meaning to the terms "document" and "electronically stored information," as described and used in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and any other data compilations from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of the term.

9.      **"Material fact"** means any fact that is likely to affect a person's choice of, or conduct regarding, goods or services.

10.      **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

# I.

## PROHIBITED REPRESENTATIONS

**IT IS THEREFORE ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any good or service, **are hereby restrained and enjoined** from falsely representing, or from assisting others who are falsely representing, any of the following:

A.   The program that Defendants are selling or marketing is health insurance;

B.   The program that Defendants are selling or marketing is affiliated with or endorsed or sponsored by the federal government;

C.   Enrollment in the program that Defendants are selling or marketing will result in substantial healthcare savings to the consumers;

D.   Consumers who enroll in the program that Defendants are selling or marketing will be able to obtain program benefits from the consumers' current healthcare providers and from other healthcare providers in the consumers' local communities;

E.   Defendants will provide a full refund, subject to no or only a nominal processing fee to consumers who enroll in the program that Defendants are selling or marketing, if the consumer submits a cancellation request before the thirty-day trial period expires; and

F.   Any other fact material to a consumer's decision to purchase any good or service from Defendants.

## II.

## PROHIBITION AGAINST VIOLATING
## THE TELEMARKETING SALES RULE

**IT IS FURTHER ORDERED** that Defendants and their successors, assigns, officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the telemarketing of any good or service, are hereby restrained and enjoined from violating any provision of the Telemarketing Sales Rule, 16 C.F.R. Part 310, including, but not limited to:

A.   Violating Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii), by misrepresenting, directly or by implication, material aspects of the performance, efficacy, nature, or central characteristics of the program, including that:

1.   The program that Defendants are selling or marketing is health insurance;

2.   Enrollment in the program that Defendants are selling or marketing will result in substantial healthcare savings to the consumer;

3.   Consumers who enroll in the program that Defendants are selling or marketing will be able to obtain program benefits from the consumers' current healthcare providers and from other healthcare providers in the consumers' local communities; or

4.   Any other fact material to a consumer's decision to purchase any good or service from Defendants; and

B.   Violating Section 310.3(a)(2)(iv) of the TSR, 16 C.F.R. § 310.3(a)(2)(iv), by misrepresenting, directly or by implication, material aspects of

7

the nature or terms of the seller's refund or cancellation policies, including that Defendants will provide a full refund, subject to no or only a nominal processing fee, if the consumer submits a cancellation request before the thirty-day trial period expires.

## III.

## ASSET FREEZE

**IT IS FURTHER ORDERED** that each of the Defendants is hereby restrained and enjoined, until further order of this Court, from:

A.   Transferring, encumbering, selling, concealing, pledging, hypothecating, assigning, spending, withdrawing, disbursing, conveying, gifting, dissipating, or otherwise disposing of any funds, property, coins, lists of consumer names, shares of stock, or other assets, wherever located, that are (1) owned or controlled by any of the Defendants, in whole or in part; (2) in the actual or constructive possession of any of the Defendants; (3) held by an agent of any of the Defendants, as a retainer for the agent's provision of services to a Defendant; or (4) owned, controlled by, or in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, or other entity directly or indirectly owned or controlled by any of the Defendants.

B.   Opening or causing to be opened any safe deposit boxes titled in the name of any of the Defendants, or subject to access by any of the Defendants;

C.   Incurring charges or cash advances on any credit or debit card issued in the name, singly or jointly, of any of the Defendants, or any corporation, partnership, or other entity directly or indirectly owned or controlled by any of the Defendants; and

D.   Failing to disclose to Plaintiff, immediately upon service of this Order, information that fully identifies each asset of the Defendants, and each entity holding such asset, including, without limitation, the entity's name, address, and telephone number, the number of the account, and the name under which the account is held.

8

*Provided,* that the freeze imposed in this Section shall be construed to not apply to assets that the Individual Defendant acquires following service of this Order if the Individual Defendant can prove that such assets are not derived from activity prohibited by this Order.

## IV.

## FINANCIAL REPORTS

**IT IS FURTHER ORDERED** that, if they have not already done so pursuant to the TRO, within forty-eight hours after service of this Order:

A.      The Individual Defendant shall complete and deliver to Plaintiff the Financial Statement form captioned "Financial Statement of Individual Defendant," a copy of which is attached as Attachment 2 to the "Financial Statement Forms for Section IV (Financial Reports) of the Temporary Restraining Order with Asset Freeze, Appointment of Temporary Receiver, Immediate Access, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue and a Permanent Receiver Should Not Be Appointed" filed in this action;

B.      Each Individual Defendant shall prepare and deliver to Plaintiff and the Permanent Receiver, for each of the Corporate Defendants, the Financial Statement captioned "Financial Statement of Business Entity Defendant," a copy of which is attached as Attachment 1 to the "Financial Statement Forms for Section IV (Financial Reports) of the Temporary Restraining Order with Asset Freeze, Appointment of Temporary Receiver, Immediate Access, and Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue and a Permanent Receiver Should Not Be Appointed" filed in this action;

C.      The Individual Defendant shall, on behalf of each business entity (whether a partnership, limited partnership, joint venture, sole proprietorship, limited liability company, corporation, or otherwise) of which he is the majority owner or otherwise controls, other than the Corporate Defendants, complete and deliver to

Plaintiff a separate copy of the "Financial Statement of Business Entity Defendant"; and

   D. Defendants shall provide access to records and documents pertaining to assets of any of the Defendants that are held by financial institutions outside the territory of the United States by signing a Consent to Release of Financial Records if requested by Plaintiff or the Permanent Receiver.

V.

PRESERVATION OF RECORDS

   **IT IS FURTHER ORDERED** that Defendants, and their agents, servants, employees, and attorneys, and all persons or entities directly or indirectly under the control of any of them, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, and each such person, are hereby restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring or otherwise disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or finances of any of the Defendants, including, but not limited to, such documents as any contracts, accounting data, correspondence, advertisements, computer tapes, discs or other computerized records, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state, or local business or personal income or property tax returns.

   This Section specifically applies to all documents displayed on or accessible from any and all Internet websites owned or controlled by any Defendant, including but not limited to any of the websites with the following domain names: www.healthcareone.com, www.americans4healthcare.com, www.a4hrx.com, www.citizens4healthcare.com, www.elitehealthcareinc.com,

10

1   www.republichealthcare.com, www.easylifehealthcare.com,

2   www.americaneaglehealthcare.com, and www.myglobalhealthonline.com.

3                                          **VI.**

4                               **RECORD KEEPING**

5         **IT IS FURTHER ORDERED** that the Individual Defendant is hereby

6   restrained and enjoined from failing to make and keep, and to provide to Plaintiff's

7   counsel promptly upon request, an accurate accounting that, in reasonable detail,

8   accurately, fairly, and completely reflects his income (including all income resulting

9   from any services, activity, or efforts rendered by the Individual Defendant),

10  disbursements, transactions, and use of money, beginning immediately upon service

11  or actual notice of this Order, and continuing daily until otherwise ordered by the

12  Court.

13                                         **VII.**

14              **NOTIFICATION OF BUSINESS ACTIVITIES**

15        **IT IS FURTHER ORDERED** that:

16        A.      The Individual Defendant is hereby restrained and enjoined from

17  directly or indirectly creating, operating, or exercising any control over any business

18  entity, including any partnership, limited partnership, joint venture, sole

19  proprietorship, limited liability company, or corporation, without first serving on

20  counsel for the Commission a written statement disclosing the following: (1) the

21  name of the business entity; (2) the address and telephone number of the business

22  entity; (3) the names of the business entity's officers, directors, principals, managers

23  and employees; and (4) a detailed description of the business entity's intended

24  activities.

25        B.      The Individual Defendant shall notify the Commission at least seven (7)

26  days prior to affiliating with, becoming employed by, or performing any work for

27  any business that is not a named Defendant in this action.  Each notice shall include

28  the Defendant's new business address and a statement of the nature of the business or

employment and the nature of his duties and responsibilities in connection with that business or employment.

## VIII.

## FINANCIAL INSTITUTIONS

**IT IS FURTHER ORDERED** that any financial or brokerage institution, any business entity, or any other person having possession, custody, or control of any records of any of the Defendants, or of any account, safe deposit box, or other asset titled in the name of any of the Defendants, either individually or jointly or held for the benefit of any of the Defendants, or which has maintained any such account, safe deposit box, or other asset at any time since March 1, 2006, who is served with a copy of this Order, or who otherwise has actual knowledge of this Order, shall:

A.     Hold and retain within its control and prohibit the transfer, encumbrance, pledge, assignment, removal, withdrawal, dissipation, sale, or other disposal of any such account or other asset, except for transfers or withdrawals authorized in writing by counsel for Plaintiff, by the Permanent Receiver (with respect to assets of any of the Receivership Defendants), or by further order of this Court;

B.     Deny access to any safe deposit box titled individually or jointly in the name of, or otherwise subject to access by, any of the Defendants;

C.     Provide to Plaintiff and to the Permanent Receiver, within three (3) business days of notice of this Order, if not already provided pursuant to the TRO, a sworn statement setting forth:

        1.     The identification of each account or asset;

        2.     The balance of each account or a description of the nature and value of each asset as of the close of business on the day notification of this Order is received, and, if the account or asset has been closed or moved, the balance or value removed and the person or entity to whom it was transferred; and

3.   The identification of any safe deposit box titled in the name of or subject to access by any of the Defendants.

D.   Upon request by counsel for Plaintiff (or by the Permanent Receiver, with respect to assets held for any of the Receivership Defendants), promptly provide Plaintiff or the Permanent Receiver with copies of all records or other documentation pertaining to such account or asset, including but not limited to originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs; and

E.   At the direction of Plaintiff (or the Permanent Receiver, with respect to assets held for any of the Receivership Defendants), and without further order of this Court, convert any stocks, bonds, options, mutual funds, or other securities to their cash equivalents.

# IX.

## REPATRIATION OF ASSETS

**IT IS FURTHER ORDERED** that within five business days following service of this Order, if not already done pursuant to the TRO, each of the Defendants shall:

A.   Repatriate to the United States all funds, documents, or assets in foreign countries held either: (1) by them; (2) for their benefit; or (3) under their direct or indirect control, jointly or singly;

B.   The same business day as any repatriation under paragraph A above,

1.   notify Plaintiff and the Permanent Receiver of the name and location of the financial institution or other entity that is the recipient of such funds, documents, or assets; and

2.   serve this Order on any such financial institution or other entity;

C.   Provide Plaintiff and the Permanent Receiver with a full accounting of all funds, documents, and assets outside of the territory of the United States held

1  either: (1) by them; (2) for their benefit; or (3) under their direct or indirect control,
2  jointly or singly; and

3      D.    Hold and retain all repatriated funds, documents, and assets and prevent
4  any transfer, disposition, or dissipation whatsoever of any such assets or funds.

5                                    **X.**

6                **APPOINTMENT OF PERMANENT RECEIVER**

7      **IT IS FURTHER ORDERED** that Thomas W. McNamara is appointed
8  Permanent Receiver for Defendants Health Care One LLC, Americans4Healthcare
9  Inc., and Ellman's affiliated entities, including Secure Healthplan Corporation, HCO
10  Marketing Inc., The American Mint, Ltd., Red Carpet Skincare Inc., Quad Digital
11  Corporation, AutoPlanOne Inc., and Magnum Financial Management, Inc., as well as
12  for any successors, assigns, affiliates, and subsidiaries that conduct any business
13  related to the Defendants' national healthcare discount program and which the
14  Permanent Receiver has reason to believe are owned or controlled in whole or in part
15  by any of the Defendants (the "Receivership Defendants"), with the full power of an
16  equity receiver.  The Permanent Receiver shall be the agent of this Court and solely
17  the agent of this Court in acting as Receiver under this Order.  The Permanent
18  Receiver shall be accountable directly to this Court.  The Permanent Receiver shall
19  comply with all Local Rules of this Court governing receivers.

20                                   **XI.**

21                       **RECEIVERSHIP DUTIES**

22      **IT IS FURTHER ORDERED** that the Permanent Receiver is directed and
23  authorized to perform and accomplish the following:

24      A.    Assume full control of the Receivership Defendants by removing, as the
25  Permanent Receiver deems necessary or advisable, any manager, independent
26  contractor, employee, or agent of the Receivership Defendants, including the
27  Individual Defendant, from control of, management of, or participation in, the affairs
28  of the Receivership Defendants;

                                      14

B.      Take exclusive custody, control and possession of all assets and documents of, or in the possession, custody, or under the control of, the Receivership Defendants, wherever situated.  The Permanent Receiver shall have full power to divert mail and to sue for, collect, receive, take in possession, hold, and manage all assets and documents of the Receivership Defendants and other persons or entities whose interests are now held by or under the direction, possession, custody, or control of the Receivership Defendants;

C.      Take all steps necessary to secure all premises owned, rented, leased, or otherwise controlled by the Receivership Defendants, including but not limited to all such premises located at 3220 S. Fair Lane, Suite 12, Tempe, AZ 85282.  Such steps may include, but are not limited to, the following, as the Permanent Receiver deems necessary or advisable: (1) serving and filing this Order; (2) completing a written inventory of all receivership assets; (3) obtaining pertinent information from all employees and other agents of the Receivership Defendants, including, but not limited to, the name, home address, social security number, job description, method of compensation, and all accrued and unpaid commissions and compensation of each such employee or agent; (4) photographing and video taping all portions of the location; (5) securing the location by changing the locks and disconnecting any computer modems or other means of access to the computer or other records maintained at that location; or (6) requiring any persons present on the premises at the time this Order is served to leave the premises, to provide the Permanent Receiver with proof of identification, or to demonstrate to the satisfaction of the Permanent Receiver that such persons are not removing from the premises documents or assets of the Receivership Defendants.  Law enforcement officers may assist the Permanent Receiver in implementing these provisions to keep the peace and maintain security;

D.      Continue to conduct the business, or cease operation of the business, of the Receivership Defendants in such manner, to such extent, and for such duration as

15

the Permanent Receiver may in good faith deem to be necessary or appropriate to operate the businesses profitably and lawfully.

E.   Conserve, hold, and manage all receivership assets, and perform all acts necessary or advisable to preserve the value of those assets, in order to prevent any irreparable loss, damage, or injury to consumers or to creditors of the Receivership Defendants, including, but not limited to, obtaining an accounting of the assets and preventing transfer, withdrawal, or misapplication of assets;

F.   Enter into contracts and purchase insurance as advisable or necessary;

G.   Prevent the inequitable distribution of assets and to determine, adjust, and protect the interests of consumers and creditors who have transacted business with the Receivership Defendants;

H.   Manage and administer the business of the Receivership Defendants until further order of this Court by performing all incidental acts that the Permanent Receiver deems to be advisable or necessary, which includes retaining, hiring, or dismissing any employees, independent contractors, or agents;

I.   Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Permanent Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

J.   Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order.  The Permanent Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Defendants prior to the date of entry of this Order, except payments that the Permanent Receiver deems necessary or advisable to secure assets of the Receivership Defendants, such as rental payments;

16

1    K.    Determine and implement the manner in which the Receivership
2    Defendants will comply with, and prevent violations of, this Order and all other
3    applicable laws;
4    L.    Institute, compromise, adjust, appear in, intervene in, or become party to
5    such actions or proceedings in state, federal or foreign courts that the Permanent
6    Receiver deems necessary and advisable to preserve or recover the assets of the
7    Receivership Defendants or that the Permanent Receiver deems necessary and
8    advisable to carry out the Permanent Receiver's mandate under this Order;
9    M.    Defend, compromise, adjust, or otherwise dispose of any or all actions
10   or proceedings instituted in the past or in the future against the Permanent Receiver
11   in his role as Permanent Receiver, or against the Receivership Defendants that the
12   Permanent Receiver deems necessary and advisable to preserve the assets of the
13   Receivership Defendants or that the Permanent Receiver deems necessary and
14   advisable to carry out the Permanent Receiver's mandate under this Order;
15   N.    Issue subpoenas to obtain documents and records pertaining to the
16   receivership, and conduct discovery in this action on behalf of the receivership
17   estate;
18   O.    Open one or more bank accounts as designated depositories for funds of
19   the Receivership Defendants.  The Permanent Receiver shall deposit all funds of the
20   Receivership Defendants in such a designated account and shall make all payments
21   and disbursements from the receivership estate from such an account; and
22   P.    Maintain accurate records of all receipts and expenditures that s/he
23   makes as Permanent Receiver.
24   Q.    Cooperate with reasonable requests for information or assistance from
25   any state or federal law enforcement agency.
26
27
28

17

## XII.

## COOPERATION WITH THE PERMANENT RECEIVER

**IT IS FURTHER ORDERED** that Defendants and Receivership Defendants, and their agents, servants, employees, and attorneys, and all persons or entities directly or indirectly under the control of any of them, and all other persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, and each such person, shall fully cooperate with and assist the Permanent Receiver.  Such cooperation and assistance shall include, but not be limited to, providing any information to the Permanent Receiver that the Permanent Receiver deems necessary to exercising the authority and discharging the responsibilities of the Permanent Receiver under this Order; providing any password required to access any computer or electronic files in any medium; or advising all persons who owe money to the Receivership Defendants that all debts should be paid directly to the Permanent Receiver.  Defendants are hereby restrained and enjoined from directly or indirectly:

    A.    Transacting any of the business of the Receivership Defendants, or transacting business under the name Health Care One, Americans4 Healthcare, Citizens4Healthcare, American Eagle Healthcare, EasyLife Healthcare, Elite Healthcare, Global Healthcare, and Republic Healthcare, or any substantially similar name;

    B.    Destroying, secreting, defacing, transferring, or otherwise altering or disposing of any documents of the Receivership Defendants, including, but not limited to, books, records, accounts, or any other papers of any kind or nature;

    C.    Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Defendants, or the Permanent Receiver;

    D.    Excusing debts owed to the Receivership Defendants;

E.      Failing to notify the Permanent Receiver of any asset, including accounts, of any Receivership Defendant held in any name other than the name of any Receivership Defendant, or by any person or entity other than the Receivership Defendants, or failing to provide any assistance or information requested by the Permanent Receiver in connection with obtaining possession, custody, or control of such assets; or

F.      Doing any act or refraining from any act whatsoever to interfere with the Permanent Receiver's taking custody, control, possession, or managing of the assets or documents subject to this receivership; or to harass or interfere with the Permanent Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendants; or to refuse to cooperate with the Permanent Receiver or the Permanent Receiver's duly authorized agents in the exercise of their duties or authority under any Order of this Court.

## XIII.

## DELIVERY OF RECEIVERSHIP PROPERTY

**IT IS FURTHER ORDERED** that:

A.      Immediately upon service of this Order upon them, or within a period permitted by the Permanent Receiver, Defendants and all other persons in possession, custody, and control of assets or documents of the Receivership Defendants shall transfer or deliver possession, custody, and control of the following to the Permanent Receiver:

1.      All assets of the Receivership Defendants;

2.      All documents of the Receivership Defendants, including, but not limited to, books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records

of wire transfers, and check registers), client lists, title documents and other papers;

3.      All assets belonging to members of the public now held by the Receivership Defendants; and

4.      All keys and codes necessary to gain or to secure access to any assets or documents of the Receivership Defendants, including, but not limited to, access to their business premises, means of communication, accounts, computer systems, or other property.

B.      In the event any person or entity fails to deliver or transfer any asset or otherwise fails to comply with any provision of this Section, the Permanent Receiver may file, on an *ex parte* basis, an Affidavit of Non-Compliance regarding the failure. Upon filing of the affidavit, the Court may authorize, without additional process or demand, Writs of Possession or Sequestration or other equitable writs requested by the Permanent Receiver.  The writs shall authorize and direct the United States Marshal or any sheriff or deputy sheriff of any county  to seize the asset, document, or other thing and to deliver it to the Permanent Receiver.

## XIV.

## BANKRUPTCY PETITIONS

**IT IS FURTHER ORDERED** that, in light of the asset freeze and appointment of the Permanent Receiver, Defendants are hereby prohibited from filing, or causing to be filed, on behalf of any of the Receivership Defendants, a petition for relief under the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, without prior permission from this Court.

## XV.

## TRANSFER OF FUNDS TO THE PERMANENT RECEIVER

**IT IS FURTHER ORDERED** that, upon service of a copy of this Order, all banks, broker-dealers, savings and loans, escrow agents, title companies, commodity trading companies, or other financial institutions shall cooperate with all reasonable

requests of the Permanent Receiver relating to implementation of this Order, including transferring funds at his or her direction and producing records related to the assets of the Receivership Defendants.

### XVI.

### STAY OF ACTIONS

**IT IS FURTHER ORDERED** that:

A.    Except by leave of this Court, during pendency of the receivership ordered herein, Defendants, Receivership Defendants, and all clients, investors, note holders, creditors, claimants, and all others acting on their behalf,  and all other persons and entities (except for Plaintiff) are hereby stayed from taking any action to establish or enforce any claim, right, or interest for, against, on behalf of, in, or in the name of:  a) any of the Corporate Defendants or Receivership Defendants, or b) any of their assets, or c) the Permanent Receiver or the Permanent Receiver's duly authorized agents acting in their capacities as such, including, but not limited to, the following actions:

1.    Commencing, prosecuting, continuing, entering, or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;

2.    Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise;

3.    Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or

21

1    4.    Doing any act or thing whatsoever to interfere with the Permanent

2 Receiver taking custody, control, possession, or management of the assets or

3 documents subject to this receivership, or to harass or interfere with the Permanent

4 Receiver in any way, or to interfere in any manner with the exclusive jurisdiction of

5 this Court over the assets or documents of the Receivership Defendants.

6    B.    This paragraph does not stay:

7    1.    The commencement or continuation of a criminal action or

8 proceeding;

9    2.    The commencement or continuation of an action or proceeding by

10 a governmental unit to enforce such governmental unit's police or regulatory power;

11 or

12    3.    The enforcement of a judgment, other than a money judgment,

13 obtained in an action or proceeding by a governmental unit to enforce such

14 governmental unit's police or regulatory power.

15    C.    Except as otherwise provided in this Order, all persons and entities in

16 need of documentation from the Permanent Receiver shall in all instances first

17 attempt to secure such information by submitting a formal written request to the

18 Permanent Receiver, and, if such request has not been responded to within thirty (30)

19 days of receipt by the Permanent Receiver, any such person or entity may thereafter

20 seek an Order of this Court with regard to the relief requested.

21                                 **XVII.**

22              **COMPENSATION OF PERMANENT RECEIVER**

23    **IT IS FURTHER ORDERED** that the Permanent Receiver and all personnel

24 hired by the Permanent Receiver as herein authorized, including counsel to the

25 Permanent Receiver and accountants, are entitled to reasonable compensation for the

26 performance of duties pursuant to this Order and for the cost of actual out-of-pocket

27 expenses incurred by them, from the assets now held by or in the possession or

28 control of or which may be received by the Receivership Defendants.  The

Permanent Receiver shall file with the Court and serve on the parties periodic requests for the payment of such reasonable compensation, with the first such request filed no more than sixty days after the date of this Order.  The Permanent Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XVIII.

### RECEIVER'S BOND

**IT IS FURTHER ORDERED** that the Permanent Receiver shall have on file with the Clerk of this Court a bond in the sum of $50,000, with sureties to be approved by the Court, conditioned that the Permanent Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## XIX.

### DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each of the Corporate Defendants' affiliates, franchises, subsidiaries, divisions, successors, assigns, directors, officers, managing agents, employees, representatives, and independent contractors and shall, within three (3) business days from the date of service of this Order, serve on Plaintiff affidavits identifying the names, titles, addresses, and telephone numbers of the persons and entities whom they have served pursuant to this provision.  The Permanent Receiver has no obligation under this provision.

## XX.

### CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning any of the Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

# XXI.

## LIMITED EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that the Commission is granted leave at any time after service of this Order to:

    A.    Take the deposition of any person or entity, without limitation, for the purpose of:

        1.    discovering the nature, location, status, and extent of assets of any of the Defendants, including Receivership Defendants, or of their affiliates or of their subsidiaries,

        2.    discovering the nature, location, status and extent of documents reflecting the business transactions of any of the Defendants;

        3.    discovering the nature and extent of Defendants' business activities, and

    B.    Demand the production of documents from any person or entity relating to the nature, status, location and extent of any of the Defendants' assets, and the location of any documents reflecting the Defendants' business transactions or the nature and extent of Defendants' business operations.

    Thirty-six (36) hours notice shall be deemed sufficient for any such deposition and forty-eight (48) hours notice shall be deemed sufficient for the production of any such documents.  The limitations and conditions set forth in Fed. R. Civ. P. 30(a)(2) and 31(a)(2) shall not apply to depositions taken pursuant to this Section.  Any such depositions taken pursuant to this Section shall not be counted toward the ten deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A) and 31(a)(2)(A).  Service of discovery taken pursuant to this Section shall be sufficient if made by facsimile or by overnight delivery.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## XXII.

## CORRESPONDENCE

**IT IS FURTHER ORDERED** that, for the purposes of this Order, all correspondence and service of pleadings on Plaintiff shall be addressed to:

> Faye Chen Barnouw, Barbara Y.K. Chun, and John D. Jacobs
> Federal Trade Commission
> 10877 Wilshire Blvd., Suite 700
> Los Angeles, CA 90024
> Fax: (310) 824-4380
> E-mail: fbarnouw@ftc.gov, bchun@ftc.gov,
> and jjacobs@ftc.gov

## XXIII.

## SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant, or that may be subject to any provision of this Order.

**SO ORDERED:**

Dated: September 1, 2010

_____
Hon. James V. Selna
United States District Judge

25