FAYE CHEN BARNOUW, CA Bar No. 168631
BARBARA CHUN, CA Bar No. 186907
e-mail: fbarnouw@ftc.gov and bchun@ftc.gov
FEDERAL TRADE COMMISSION
10877 Wilshire Blvd., Suite 700
Los Angeles, CA 90024
Telephone: (310) 824-4343
Facsimile:  (310) 824-4380

JS - 6

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

FEDERAL TRADE COMMISSION,

Plaintiff,

v.

HEALTH CARE ONE LLC, an Arizona
limited liability company, also d/b/a
"HealthcareOne," "Americans4
Healthcare," "Citizens4Healthcare,"
"American Eagle Healthcare,"
"EasyLife Healthcare," "Elite
Healthcare," "Global Healthcare," and
"Republic Healthcare";

AMERICANS4HEALTHCARE INC., a
Delaware corporation;

MICHAEL JAY ELLMAN, an
individual;

ELITE BUSINESS SOLUTIONS, INC.,
a Nevada corporation, also d/b/a
"EasyLife Healthcare," "Elite
Healthcare" and "Republic Healthcare";

ROBERT DANIEL FREEMAN, an
individual;

MILE HIGH ENTERPRISE INC., a
Nevada corporation; and

BRYAN MATTHEW LOVING, an
individual;

Defendants.

Case no. SACV10-1161-JVS-RNBx

STIPULATED FINAL JUDGMENT
AND ORDER FOR PERMANENT
INJUNCTION AND OTHER
EQUITABLE RELIEF AGAINST
DEFENDANTS MILE HIGH
ENTERPRISE INC. AND BRYAN
MATTHEW LOVING

Plaintiff Federal Trade Commission ("FTC" or "Commission") commenced this civil action on August 3, 2010, pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101-6108, to obtain preliminary and permanent injunctive and other equitable relief for violations of Section 5 of the FTC Act, 15 U.S.C. § 45, and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, in connection with the marketing and sale of non-insurance healthcare discount programs.  On April 21, 2011, the FTC amended its complaint to add Mile High Enterprise Inc. and Bryan Matthew Loving as Defendants.  On April 25, 2011, the Court entered a stipulated preliminary injunction against Mile High Enterprise Inc. and Bryan Matthew Loving.

The FTC and Defendants Mile High Enterprise Inc. and Bryan Matthew Loving ("Defendants") have agreed to entry of this "Stipulated Final Judgment and Order for Permanent Injunction and Other Equitable Relief Against Defendants Mile High Enterprise Inc. and Bryan Matthew Loving" ("Order")  to resolve all matters in dispute in this action between them.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

### FINDINGS OF FACT

1.      This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. §§ 45(a), 53(b), 57b, 6102(c), and 6105(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345.

2.      This Court has personal jurisdiction over each of the Defendants.

3.      Venue in this District is proper under 15 U.S.C. §§ 53(b), and 28 U.S.C. §§ 1391(b) and (c).

4.      The activities of Defendants, as alleged in the Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.      The Complaint states a claim upon which relief may be granted under

Sections 5(a), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b), and 57b, and the FTC's Telemarketing Sales Rule, 16 C.F.R. Part 310.

6.    Defendants have entered into this Order freely and without coercion. Defendants further acknowledge that they have read the provisions of this Order and are prepared to abide by them.

7.    Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order.  Defendants further waive and release any claim they may have against the Commission and its employees, representatives, and agents.

8.    Defendants waive any claims they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of the entry of this Order.

9.    Nothing herein shall be deemed an admission of wrongdoing, an admission of any allegation in the complaint in this action, or a waiver of any defense or privilege, by Defendants.

## ORDER

<u>DEFINITIONS</u>

For purposes of this Order, the following definitions shall apply:

1.    **"Assisting others"** means providing any of the following goods or services to another person or entity:

      a.    performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; or

      b.    formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material; or

      c.    providing names of, or assisting in the generation of, potential customers; or

      d.    performing marketing services of any kind.

2. **"Assets"** means any legal or equitable interest in, right to, or claim to, any real or personal property, including, without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

3. **"Corporate Defendant"** means Defendant Mile High Enterprise Inc. and its successors and assigns.

4. **"Defendants"** means the Individual Defendant and the Corporate Defendant, individually, collectively, or in any combination.

5. The term **"document"** is equal in scope and synonymous in meaning to the terms "document" and "electronically stored information," as described and used in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and any other data compilations from which information can be obtained. A draft or non-identical copy is a separate document within the meaning of the term.

6. The term **"healthcare-related good or service"** includes any program, membership, card, product, or other good or service, which is not insurance, that purports to offer discounts, savings, or benefits on healthcare, or access to such discounts, savings, or benefits.

7. **"Individual Defendant"** means Defendant Bryan Matthew Loving.

8. The term **"insurance"** means any good or service that (1) has the effect of transferring or spreading risk; (2) is an integral part of the policy relationship between the insurer and the insured; and (3) is limited to entities within the insurance industry.

9. **"Material fact"** means any fact that is likely to affect a person's choice of, or conduct regarding, goods or services.

10. **"Person"** means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, limited

4

1   liability company, or any other group or combination acting as an entity.

2         11.   **"Plaintiff"** means the Federal Trade Commission.

3         12.   **"Receivership Defendants"** means Mile High Enterprise Inc. and

4   Lighthouse Business Solutions LLC, as well as any successors, assigns, affiliates,

5   and subsidiaries that conduct any business related to the Defendants' "national

6   healthcare discount program" and which the Permanent Receiver has determined are

7   owned or controlled in whole or in part by any of the Defendants.

8   **I.**

9   **BAN RE HEALTHCARE-RELATED GOODS OR SERVICES**

10         **IT IS THEREFORE ORDERED** that Defendants, whether acting directly or

11   through any other person, are hereby permanently restrained and enjoined from:

12         A.   Advertising, marketing, promoting, offering for sale, or selling any

13                 healthcare-related good or service; and

14         B.   Assisting others engaged in advertising, marketing, promoting, offering

15                 for sale, or selling any healthcare-related good or service.

16   **II.**

17   **PROHIBITION AGAINST MISREPRESENTING**

18   **OTHER GOODS AND SERVICES**

19         **IT IS FURTHER ORDERED** that Defendants and their officers, agents,

20   servants, employees, and attorneys, and those persons or entities in active concert or

21   participation with any of them who receive actual notice of this Order by personal

22   service or otherwise, whether acting directly or through any corporation, subsidiary,

23   division, or other device, in connection with the advertising, marketing, promotion,

24   offering for sale, or sale of any good or service, other than a healthcare-related good

25   or service, are hereby permanently restrained and enjoined from misrepresenting or

26   assisting others in misrepresenting, expressly or by implication, any material fact,

27   including but not limited to:

28         A.   That the program offered is insurance;

B.     That the good or service is affiliated with or endorsed or sponsored by the federal government;

C.     That any person or entity is an agency of or affiliated with, endorsed or approved by, or otherwise connected to the Federal government or a state government;

D.     That purchase of the good or service will result in substantial savings to the consumers;

E.     Any material aspect of the performance, efficacy, nature, or characteristics of the good or service;

F.     The total costs to purchase, receive, or use, and the quantity of, the good or service;

G.     Any material restriction, limitation, or condition to purchase, receive, or use the good or service; and

H.     Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer.

## III.

## PROHIBITION AGAINST VIOLATING
## THE TELEMARKETING SALES RULE

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, servants, employees, and attorneys, and those persons or entities in active concert or participation with any of them who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, in connection with the telemarketing of any good or service, other than a healthcare-related good or service, are hereby permanently restrained and enjoined from violating any provision of the Telemarketing Sales

Rule, 16 C.F.R. Part 310, including, but not limited to:

A.     Violating Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R.
§ 310.3(a)(2)(iii), by misrepresenting, directly or by implication, any material aspect of the performance, efficacy, nature, or central characteristics of the good or service, including:

        1.     That the program offered is insurance;

        2.     That enrollment in the good or service will result in substantial savings to the consumer;

        3.     That consumers who purchase the good or service will be able to use the good or service as represented; or

        4.     Any other fact material to a consumer's decision to purchase any good or service from Defendants; and

B.     Violating Section 310.3(a)(2)(iv) of the TSR, 16 C.F.R.
§ 310.3(a)(2)(iv), by misrepresenting, directly or by implication, any material aspect of the nature or terms of the seller's refund or cancellation policies.

C.     Violating Section 310.4(b)(1)(v) of the TSR, 16 C.F.R.
§ 310.4(b)(1)(v), governing the telephonic delivery of prerecorded messages.

## IV.

### MONETARY RELIEF

**IT IS FURTHER ORDERED** that:

A.     Judgment is hereby entered in favor of the Commission and against Defendants, jointly and severally, in the amount of $8,939,374 (eight million nine hundred thirty-nine thousand three hundred seventy-four dollars), as equitable monetary relief for consumer injury; provided, however, that subject to the provisions of the Section titled "Right to Reopen," below, this judgment shall be suspended upon Defendants' completion of the requirements stated in subparagraphs IV.B.-D.

B.     Defendants shall transfer $4,200 (four thousand two hundred dollars) to

the Commission or its designated agent within fifteen (15) business days of entry of this order by the Court, in accordance with instructions provided by a representative of the Commission.

C.      Defendants' attorney Hector Lora shall transfer $27,000 (twenty seven thousand dollars) held in his client trust account on behalf of Defendant Bryan Matthew Loving to the Commission or its designated agent within ten (10) business days of entry of this order by the Court, in accordance with instructions provided by a representative of the Commission.

D.      Defendants shall transfer title and physical possession of the following assets to the Receiver within ten (10) business days of entry of this order by the Court, in accordance with instructions provided by a representative of the Receiver:

1.      2003 Suzuki GSXR750 motorcycle; and

2.      2006 Big Dog custom motorcycle.

E.      Defendants hereby grant to the FTC all right and claim they currently have to their frozen assets currently in the possession, custody, or control of the Permanent Receiver.

F.      In the event of default on any obligation to make payment under this Order, interest, computed pursuant to 28 U.S.C. § 1961(a), shall accrue from the date of default to the date of payment.  In the event such default continues for ten (10) calendar days beyond the date the payment is due, the entire amount of the judgment, less any amounts previously paid pursuant to this order, together with interest, shall immediately become due and payable.  Defendants shall be jointly and severally liable for all payments required by this Order and any interest on such payments.

G.      All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agents to be used for equitable relief, including, but not limited to, redress to consumers, and any attendant expenses for the administration of such equitable relief.  In the event that direct redress to consumers is wholly or partially impracticable or funds remain after the redress is

completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.  Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement.  Defendants shall have no right to challenge the Commission's choice of remedies under this Paragraph.  Defendants shall have no right to contest the manner of distribution chosen by the Commission.

       H.      No portion of any payment under the Judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

       I.      Defendants relinquish all dominion, control, and title to the funds paid to the fullest extent permitted by law.  Defendants shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

       J.      Defendants agree that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case.  Defendants further stipulate and agree that the facts alleged in the Complaint establish all elements necessary to sustain an action by the Commission pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such purposes.

       K.      In accordance with 31 U.S.C. § 7701, Defendants are hereby required, unless they have done so already, to furnish to the Commission their taxpayer identifying numbers and/or social security numbers, which shall be used for the purposes of collecting and reporting on any delinquent amount arising out of Defendants' relationship with the government.

       L.      Defendants agree that they will not, whether acting directly or through any corporation, partnership, subsidiary, division, trade name, device, or other entity,

submit to any federal or state tax authority any return, amended return, or other official document that takes a deduction for, or seeks a tax refund or other favorable treatment for, any payment by Defendants pursuant to this Order.

## V.

## RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that:

A.    The Commission's agreement to, and the Court's approval of, this Order, including, but not limited to, the suspension of the monetary judgment against Defendants, is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' financial condition, as represented in the following financial statements, including all attachments and supplemental materials, copies of tax returns for Defendants, and correspondence (collectively, "Financial Statements"), all of which the Commission relied upon in negotiating and agreeing to the terms of this Order:

1.    Financial Statement of Individual Defendant Bryan Matthew Loving, dated May 8, 2011;

2.    Financial Statement of Mile High Enterprise Inc., dated November 2, 2010;

3.    Financial Statement of Lighthouse Business Solutions LLC, dated August 16, 2010, and signed by Bryan Matthew Loving on March 7, 2011;

4.    Financial Statement of Corporate Defendant Elite Business Solutions, Inc., dated August 12, 2010 (provided to the FTC on August 17, 2010) (including amended Item 8 provided to the FTC on August 19, 2010);

5.    Elite Business Solutions, Inc.'s federal tax returns for the years 2007 and 2008; and

6.    Elite Business Solutions, Inc.'s balance sheets and profit and loss

1   statements for 2007-2009 and for 2010 as of August 17, 2010.

2   B.      If, upon motion by the Commission to the Court, the Court finds that

3   any Defendant, in any of the above-referenced Financial Statements, failed to

4   disclose any asset with a value in excess of $1,000, materially misrepresented the

5   value of any asset, or made any other material misrepresentation or omission, the

6   suspension shall be lifted on the monetary judgment in Section IV ("Monetary

7   Relief"), and that judgment amount, less any payments already made to the

8   Commission, shall be immediately due and payable.

9   **Provided, however**, that in all other respects, this Order shall remain in full

10  force and effect, unless otherwise ordered by the Court; and,

11  **Provided further**, that proceedings initiated under this provision would be in

12  addition to, and not in lieu of, any other civil or criminal remedies as may be

13  provided by law, including any proceedings that the Commission may initiate to

14  enforce this Order.

# VI.

## CONSUMER INFORMATION

17  **IT IS FURTHER ORDERED** that Defendants and their officers, agents,

18  servants, employees, and attorneys, and those persons or entities in active concert or

19  participation with any of them who receive actual notice of this Order by personal

20  service or otherwise, whether acting directly or through any corporation, subsidiary,

21  division, or other device, are permanently restrained and enjoined from:

22  A.      disclosing, using, or benefitting from customer information, including

23  the name, address, telephone number, email address, social security number, other

24  identifying information, or any data that enables access to a customer's account

25  (including a credit card, bank account, or other financial account), of any person

26  which any Defendant obtained prior to entry of this Order in connection with the sale

27  or marketing of a healthcare discount program; and

28  B.      failing to dispose of such customer information in all forms in their

11

possession, custody, or control within thirty (30) days after entry of this Order. Disposal shall be by means that protect against unauthorized access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructed.

*Provided, however,* that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## VII.

## COOPERATION WITH FTC COUNSEL

IT IS FURTHER ORDERED that Defendants shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the FTC's Complaint, cooperate in good faith with the FTC and appear (or in the case of Corporate Defendant, cause its officers, employees, representatives, or agents to appear) at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC.  If requested in writing by the FTC, Defendants shall appear (or in the case of Corporate Defendant, cause its officers, employees, representatives, or agents to appear) and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, or provide a written declaration or affidavit made under penalty of perjury, without the service of a subpoena.

## VIII.

## LIFTING OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze of Defendants' assets set forth in the Preliminary Injunction, filed by this Court on April 25, 2011, shall be lifted to the extent necessary to turn over Defendants' assets as required by Section IV

("Monetary Relief") of this Order, and upon completion of the turn-over, shall be lifted permanently.

## IX.

## TURNOVER OF ASSETS HELD BY THIRD PARTIES

**IT IS FURTHER ORDERED that**, to partially satisfy the monetary judgment set forth in Section IV ("Monetary Relief"), any law firm, financial or brokerage institution, escrow agent, title company, commodity trading company, automated clearing house, payment processor, business entity, or Person served with a copy of this Order, that holds, controls or maintains custody of any account or asset of, on behalf of, or for the benefit of Defendants, or has held, controlled, or maintained custody of any account or asset of, on behalf of, or for the benefit of Defendants, shall turn over such asset or funds to the Commission, in accordance with instructions provided by a representative of the Commission, within ten (10) business days of receiving notice of this Order by any means, including but not limited to by facsimile.

## X.

## ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.      Each Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For five (5) years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendant, is the majority owner or directly or indirectly controls, and each Corporate Defendant, must deliver a copy of this Order  to:  (1) all principals, officers, directors, and managers; (2) all employees, agents, and representatives who participate in conduct related to the subject matter of the Order; and (3) any business

entity resulting from any change in structure as set forth in the Section titled

Compliance Reporting.  Delivery must occur within seven (7) days of entry of this

Order for current personnel.  To all others, delivery must occur before they assume

their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of

this Order, that Defendant must obtain, within thirty (30) days, a signed and dated

acknowledgment of receipt of this Order.

## XI.

## COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the

Commission:

A.      One (1) year after entry of this Order, each Defendant must submit a

compliance report, sworn under penalty of perjury.

1.      Each Defendant must:  (a) designate at least one telephone
number and an e-mail, physical, and postal address as points of
contact, which representatives of the Commission may use to
communicate with Defendant; (b) identify all of that Defendant's
businesses by all of their names, telephone numbers, and
physical, postal, email, and Internet addresses; (c) describe the
activities of each business, including the products and services
offered, the means of advertising, marketing, and sales, and the
involvement of any other Defendant (which Individual
Defendants must describe if they know or should know due to
their own involvement); (d) describe in detail whether and how
that Defendant is in compliance with each Section of this Order;
and (e) provide a copy of each Order Acknowledgment obtained
pursuant to this Order, unless previously submitted to the
Commission;

14

2.   Additionally, each Individual Defendant must:  (a) identify all telephone numbers and all email, Internet, physical, and postal addresses, including all residences; (b) identify all titles and roles in all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.   For five (5) years following entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1.   Each Defendant must report any change in:  (a) any designated point of contact; (b) the structure of the Corporate Defendant or any entity that Defendant has any ownership interest in or directly or indirectly controls that may affect compliance obligations arising under this Order, including:  creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.   Additionally, each Individual Defendant must report any change in:  (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify its name, physical address, and Internet address, if any.

C.   Each Defendant must submit to the Commission notice of the filing of

15

any bankruptcy petition, insolvency proceeding, or any similar proceeding by or against such Defendant within fourteen (14) days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:  "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on:_____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Commission representative in writing, all submissions to the Commission pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. Mile High Enterprise Inc. and Bryan Matthew Loving, #X100045.

## XII.

## RECORD KEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for five (5) years after entry of the Order, and retain each such record for five (5) years. Specifically, Corporate Defendant and each Individual Defendant for any business in which that Defendant, individually or collectively with any other Defendants, is a majority owner or directly or indirectly controls, must maintain the following records:

A.     Accounting records showing the revenues from all goods or services sold, all costs incurred in generating those revenues, and the resulting net profit or loss;

B.     Personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name, addresses, and telephone

numbers; job title or position; dates of service; and, if applicable, the reason for termination;

C.    Customer files, obtained after entry of this Order and to the extent such information is obtained in the ordinary course of business, showing the names, addresses, telephone numbers, dollar amounts paid, and the quantity and description of goods or services purchased;

D.    Complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

E.    All records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the Commission;

F.    A copy of all contracts with suppliers, payment processors, and list brokers; and

G.    A copy of each advertisement or other marketing material.

## XIII.

## COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including the financial representations upon which the judgment was suspended and any failure to transfer any assets as required by this Order:

A.    Within fourteen (14) days of receipt of a written request from a representative of the Commission, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents, for inspection and copying.  The Commission is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.    For matters concerning this Order, the Commission is authorized to communicate directly with each Defendant.  Defendant must permit representatives

of the Commission to interview any employee or other person affiliated with any Defendant who has agreed to such an interview.  The person interviewed may have counsel present.

C.     The Commission may use all other lawful means, including posing, through its representatives, as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.  Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

## XIV.

### RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

## XV.

### ENTRY OF ORDER

IT IS FURTHER ORDERED that there is no just reason for delay, and the Clerk of the Court is hereby directed to enter this Order immediately.

**IT IS SO ORDERED.**

Dated:  December 5, 2011     _____
                             Honorable James V. Selna
                             United States District Judge

18